# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HUNG LIAN, | : | |
| Petitioner, | : | |
| v. | : | No.: 4:16-CV-1906 |
| WARDEN YORK COUNTY PRISON, ET AL., | : | (Judge Brann) |
| Respondents. | : | |

## MEMORANDUM OPINION

### JUNE 13, 2017

## I.  BACKGROUND

Hung Lian, a detainee of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while confined at the York County Prison, York, Pennsylvania.  The Warden of the York County Prison was deemed to be the sole Respondent.   Service of the petition was previously ordered.

Lian states that he is a native and citizen of the People's Republic of China who legally entered the United States in 1980 as a lawful permanent resident.  On October 10, 1995, Petitioner plead guilty to charges of conspiracy to commit racketeering acts; conspiracy to commit murder; and use and carrying of a firearm

during a crime of violence in the United States District Court for the Eastern District of New York. After completing service of his resulting criminal sentence on April 12, 2016, Petitioner was released from the custody of the Bureau of Prisons and taken into ICE custody. An immigration judge ordered his removal from the United States following a June 1, 2016 hearing. Petitioner waived his right to appeal the decision.

According to the Petitioner, he has been detained by ICE since April 12, 2016. It is alleged that ICE has been unable to timely deport Lian to China. Petitioner's pending § 2241 petition challenges his indefinite detention pending removal under the standards announced in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

## II. DISCUSSION

On June 6, 2017, Respondent filed a "Suggestion of Mootness." Doc. 9, p. 1. The notice states that Petitioner was released from ICE custody pursuant to an order of supervision on June 5, 2017. *See id.* at p. 2.. Accordingly, Respondent contends that since the relief sought by his pending action has been granted, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties

must continue to have a "'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis*, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the <u>continuing</u> existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski*, Civil No. 3:02-CV-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Lian sought his immediate release from ICE detention. *See* Doc. 1, p. 18. A submitted copy of an order to release alien issued by ICE in Petitioner's case confirms that he was released from ICE custody on June 5, 2017. *See* Doc. 9-1. Since Petitioner is no longer being detained by ICE, under the

principles set forth in *Steffel*, his instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge